■ ADI KEIZMAN et al., Respondents, v ISSAC HERSHKO et al., Appellants, et al., Defendants. [859 NYS2d 79]—

Order and judgment (one paper), Supreme Court, New York County (Ira Gammerman, J.H.O.), entered December 5, 2006, in favor of plaintiff Keizman and against defendants-appellants in the principal amount of $4,437,186.66, together with interest, costs and disbursements, and dismissing defendants' counterclaims, unanimously modified, on the facts, to reduce the principal amount of the judgment by $30,000, together with any corresponding interest, and otherwise affirmed, without costs. The Clerk is directed to enter an amended judgment accordingly.

Unrefuted evidence establishes that defendants are entitled to a $30,000 credit for a check drawn by plaintiff Keizman on the parties' joint venture account that Keizman made payable to a separate business entity of which he was a principal. Apart from this one credit, the trial's court's calculation of damages is supported by a fair interpretation of the evidence (*see Thoreson v Penthouse Intl.*, 80 NY2d 490, 495 [1992]). We note that while a trial court may be accorded significant leeway in ascertaining a fair approximation of the loss where, as here, a breach of fiduciary duty has been proved (*see Wolf v Rand*, 258 AD2d 401, 402-403 [1999]), here, the trial court's methodology and findings in reaching the damage amount (except to the extent indicated) have substantial support in the parties' agreements, business and accounting records, and in the credited testimony. Concur—Lippman, P.J., Mazzarelli, Williams, Sweeny and Acosta, JJ.